[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14819

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY C. MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:19-cr-00019-HL-TQL-1

_____

Before BRANCH, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Tony Mathis appeals his sentence of 50 months' imprisonment for wire fraud, imposed after an upward variance from his guideline range of 21 to 27 months. Mathis asserts his sentence was substantively unreasonable because the district court based its upward variance on his criminal history, a factor already fully taken into consideration in the formation of the guideline range. After review,[1] we affirm Mathis's sentence.

The district court has broad discretion to decide whether the 18 U.S.C. § 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021). The district court also has the discretion to determine how much weight to give each factor and is permitted to give great weight to one factor over others. *United States v. Riley*, 995 F.3d 1272, 1279

---

[1] When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances, including the degree of variance, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

(11th Cir. 2021) (quotation marks omitted).  A district court's decision to give substantial weight to a defendant's criminal record "is entirely consistent with § 3553(a) because five of that section's factors are related to criminal history."  *Id.* at 1280 (quotation marks omitted).

Mathis's sentence is not substantively unreasonable.  The district court did not abuse its discretion by basing its upward variance on Mathis's criminal history even though his criminal history was also used in calculating his guideline range. When determining whether a variance is warranted, the district court may consider facts that were taken into account when formulating the guideline range, such as a defendant's criminal history.  *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).  Additionally, because the calculation of the criminal history category was based only on the length of each prior sentence and not on the nature of the previous offenses, it did not account for the fact Mathis previously committed a similar offense, a fact the court found noteworthy.  U.S.S.G. § 4A1.1.  Specifically, the court noted: "This is not the first time [Mathis] has committed a similar offense.  He has drug convictions.  He has not led an exemplary life."

Likewise, Mathis's submission of documents containing false statements to the government after pleading guilty in this case, which the court also considered during sentencing, was not accounted for in the calculation of his criminal history category. And, to the extent that Mathis's submission of documents containing false statements to the government was considered in the

decision to deny the adjustment for acceptance of responsibility, the court was nevertheless entitled to consider it when deciding to vary from the guideline range. *See Dougherty*, 754 F.3d at 1362.

Given the considerable discretion the district court is afforded in deciding whether and to what extent a variance is justified, the court's concern with Mathis's criminal history, the seriousness of the offense, and the need for adequate deterrence was sufficient to justify the upward variance of 23 months. Furthermore, Mathis's 50-month sentence was well below the statutory maximum of 20 years' imprisonment, supporting its reasonableness. *See id.* (stating an indicator of a reasonable sentence is one that is well below the statutory maximum for the crime). Therefore, because the court did not abuse its discretion by basing its upward variance on Mathis's criminal history even though his criminal history was also used in calculating the guideline range or by imposing too high of a variance, the sentence was substantively reasonable.

**AFFIRMED.**